IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

EDWARD CARTER                                                                                         PLAINTIFF

V.                                              No. 14-6049

RAY HOBBS, Director
Arkansas Department of Correction                                                         DEFENDANT

<u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>

Before the court is the Petitioner's Motion to Vacate, Set Aside, or Correct a Sentence Pursuant to 28 U.S.C. §2254 (ECF No. 1) filed April 14, 2014. The Defendant filed a Response (ECF No. 10) on June 6, 2014 and the Petitioner filed a Reply (ECF No. 14) on August 18, 2014. The matter was transferred to the undersigned on January 26, 2015 and is ready for Report and Recommendation.

**I.  Background:**

The Petitioner was convicted of Aggravated Robbery out of Garland County in 2008 and sentenced to 30 years in the Arkansas Department of Correction.[1] In 2010 Petitioner filed an action under 28 U.S.C. §2254[2] contending his attorney was ineffective. (ECF No. 11-2). The District Court for the Eastern District of Arkansas dismissed the petition on November 7, 2011 (ECF No. 11-8) following an extensive Report and Recommendation (ECF No. 11-6) entered September 15, 2011.

The Petitioner filed a Second Petition under 2254 on April 9, 2012 (ECF No. 11-10)[3]

---

[1] Garland County Circuit Court, CR 2008-142.

[2] This petition was filed in the Eastern District of Arkansas, 5:10-cv-00256 and was amended November 5, 2010 (ECF No. 11-3), January 11, 2011 (ECF No. 11-4), and March 22, 2011 (ECF No. 11-5).

[3] This petition was filed in the Eastern District of Arkansas, 5:12-cv-00126.

alleging basically the same claims asserted in the First Petition. The Magistrate Judge issued a Report and Recommendation the petition be dismissed as a second or successive petition (ECF No. 11-10) and the District Court followed the recommendation and entered an Order (ECF No. 11-11) on May 2, 2012 dismissing the petition with prejudice and denying a certificate of Appealabiltiy and Judgment was granted dismissing the petition. (ECF No. 11-12).  The Eighth Circuit upheld the District Court's decision and entered Judgment (ECF No. 11-14) denying the petitioner authorization to file a successive habeas application.

The Petitioner filed the current Motion on April 14, 2014 (ECF No. 1) and then filed an Objection to Treatment of Complaint as Habeas Petition (ECF No. 6) on May 7, 2014.  The Defendant filed a Motion to Dismiss (ECF No. 10) on June 6, 2014 claiming the petition should be construed as a Petition under 2254 and dismissed as a successive petition.

## II.  Discussion

### A.  Classification of Motion:

The Petitioner claims that his pleading should not be classified as a habeas action but that his Complaint "sufficiently meets the requirements of review by a federal court pursuant to U.S. Const. Art. III, §2, C1.1."  (ECF No. 6, p. 1).  It is unclear how the petitioner is seeking to apply this section of the Constitution to his case but he cites *Bond v. U.S.* 131 S.Ct. 2355 at 2361.  The Bond case was dealing with the ability of a defendant to challenge a federal statute on ground that the measure interfered with the powers reserved to the States and has no application to the Petitioner's case.

The prisoner's label of his pleading cannot be controlling. See *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) at 489-90, 93 S.Ct. at 1836-37. The essence of habeas corpus is an attack by a person in custody upon the legality of that custody. *Id*. at 484, 93

S.Ct. at 1833. If the prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy. See id. at 499, 93 S.Ct. at 1841. It is the substance of the relief sought which counts. *Kruger v. Erickson* 77 F.3d 1071, 1073 (C.A.8 (Minn.),1996).

The substance of the Petitioner's complaint is an attack upon his conviction for Aggravated Robbery and his claim of innocence. (ECF No. 1, p. 3). He argues at length that the facts do not support his conviction (Id., pp. 4-8) and the Petitioner's complaint must be construed as a habeas action under 28 U.S.C. §2254.

**B. Successive Petition**

Before filing a second or successive habeas petition in district court under §2254, a petitioner must seek and receive an order from the court of appeals authorizing the district court to consider a successive petition. 28 U.S.C. § 2244(b)(3)(A). Without an order from the court of appeals authorizing the filing of a second or successive habeas petition, a district court lacks jurisdiction to hear the petition. *Burton v. Stewart*, 549 U.S. 147, 152-53, 157 (2007).

Summary dismissal of a habeas corpus petition - prior to any answer or other pleading being filed by the State - is appropriate where the petition itself, together with court records, show that the petition is a second or successive petition filed without authorization from the court of appeals. Rule 4, Rules Governing Habeas Corpus Cases; *Blackmon v. Armantrout*, 61 Fed.Appx. 985,985 (8th Cir. 2003).

In his Traverse the Petitioner acknowledges that "[W]hile the "law" may not be "invalid," Petitioners conduct did not violate state law" (ECF No. 14) and as noted above the substance of the Petition is that the facts do not support his conviction. (ECF No. 1, pp. 4-8) . The Magistrate Judge specifically delt with the claims of the Petitioner in the Report and Recommendation (ECF

No. 11-6) that was entered September 15, 2011.  Because the Petitioner has not sought or received authorization from the Court of Appeal to file a successive petition the Court has no jurisdiction to consider the merits.

### III.  Conclusion

Based on the above, I recommend that the Motion to Dismiss for Lack of Jurisdiction (ECF No. 10) be **GRANTED** and that the Petition (ECF No. 1) be **DISMISSED** with prejudice.

A Certificate of Appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right and in this case the Petitioner has not provided a basis for the Court to issue a COA.  The Recommendation is that a Certificate of Appealability be **DENIED.**

**The parties have fourteen days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

IT IS SO ORDERED February 25, 2015.

/s/ J. Marschewski  
HONORABLE JAMES R. MARSCHEWSKI  
UNITED STATES MAGISTRATE JUDGE